STEVENSON, C.J.
Deirdre Williams-Raymond appeals an order dismissing, with prejudice, the paternity action she filed against Keith Edwin Jones. We affirm.
According to the complaint, on July 5, 2000, Williams-Raymond, unmarried at the time, gave birth to Christopher Raymond, Jr. Christopher Raymond, Sr., believed the child to be his, signed the birth certificate, and subsequently married Williams-Raymond. Raymond, Sr., has fulfilled the role of father to Raymond, Jr., since the child’s birth. On September 14, 2005, Williams-Raymond filed the paternity complaint in the instant case, alleging that, in October 1999, she and Jones had a sexual relationship at which time Raymond, Jr., was conceived. Williams-Raymond sought to have Jones declared to be the child’s father, to recover some of the expenses associated with her pregnancy, *722 and to have Jones pay child support. The complaint also named Raymond, Sr., as a defendant. In his answer, Raymond, Sr., admitted he signed the birth certificate believing the child to be his, subsequently married the mother, and has acted as father since the child’s birth, but maintained that DNA testing has confirmed that Jones is the biological father and Jones should be required to contribute to the support of Raymond, Jr. Because the complaint’s allegations demonstrated that Raymond, Jr.’s paternity had already been established, we affirm the dismissal of the complaint.
Because Williams-Raymond’s complaint alleges that, at the time the child was born, she was not married, chapter 742, Florida Statutes, governs her paternity claim. See § 742.10(1), Fla. Stat. (2005) (“This chapter provides the primary jurisdiction and procedures for the determination of paternity for children born out of wedlock.”). Section 742.011 provides that “[a]ny woman who is pregnant or has a child, any man who has reason to believe that he is the father of a child, or any child may bring proceedings in the circuit court, in chancery, to determine the paternity of the child when paternity has not been established by law or otherwise.” Thus, a paternity action can be stated under chapter 742 only when paternity “has not been established by law or otherwise.”
Pursuant to Florida law, “[i]f the mother of any child born out of wedlock and the reputed father shall at any time after its birth intermarry, the child shall in all respects be deemed and held to be the child of the husband and wife, as though born within wedlock_” § 742.091, Fla. Stat. (2005). In I.A. v. H.H., 710 So.2d 162 (Fla. 2d DCA 1998), the Second District held application of this statute was one of the ways in which paternity was “otherwise” established so as to bar a paternity action. I.A. gave birth to K.H. and, then, two months later, married N.H. N.H. executed the documents necessary to have his name appear on the birth certificate and undertook the role of father. Some three years later, H.H. filed a paternity suit, alleging he was KH.’s father. I.A. sought to dismiss the complaint, arguing that N.H. (her husband) was presumed to be K.H.’s legal father and asserting the same argument in her answer as an affirmative defense. The parties stipulated to a DNA test. The test reflected that H.H. was the child’s biological father. And, ultimately, the trial court entered a final judgment of paternity in favor of H.H. The Second District reversed the judgment of paternity, concluding that H.H. had been granted relief pursuant to a cause of action that did not exist as a paternity action can be brought only when paternity “has not been established by law or otherwise” and, as a consequence of section 742.091, the child’s paternity had been “otherwise” established. Id. at 164.
Williams-Raymond’s complaint alleges that Raymond, Sr., believed the child to be his and signed the birth certificate, that Raymond, Sr., subsequently married the child’s mother, and that he has participated in parenting and played the role of “father” to the child since the child’s birth. These alleged facts, which we are required to accept as true for the instant purposes, demonstrate that the child’s paternity has been “otherwise” established and, thus, that no paternity action lies.[1] We have *723 considered and reject the additional claims raised by Williams-Raymond and, thus, affirm the order of dismissal.

Affirmed.

KLEIN and SHAHOOD, JJ., concur.

. Effective in June 2006, the legislature created Florida Statutes section 742.18, which permits a "male” to file a petition in circuit court to "disestablish paternity or terminate a child support obligation” when that male is not the child's biological father and certain other conditions exist. There is no indication in this record that Raymond, Sr., has filed such an action.